## Sun Oil Company v. Waltz

628

*Samuel B. Corliss,* for plaintiff.

*Jas. E. O'Neill, Jr.,* for defendant.

KURTZ, J., May 5, 1967. — In this case, plaintiff seeks the entry of judgment in its favor commanding defendant to issue a use permit to it allowing the erection and operation of a gasoline filling station pursuant to the provisions of the Township Zoning Ordinance. It relies upon those provisions of the Second Class Township Code of May 1, 1933, P. L. 103, art. XX, sec. 2007, as last amended by the Act of August 25, 1959, P. L. 753, sec. 1, 53 PS §67007, which provide as follows:

"(f) The board of adjustment shall fix a reasonable time for the hearing of the appeal, give public notice thereof, as well as due notice to the parties in interest, and decide the same within forty-five days after the hearing, or if said hearing is continued within forty-five days after said continued hearing. *If the board of adjustment does not make a decision within forty-five days after the hearing or continued hearing, it shall be deemed that such board has decided in favor of the person or township official aggrieved or affected who is seeking relief. . . ."*

(Italics supplied.)

"(h) . . . Notice of such decision shall forthwith be given to all parties in interest".

The chronology of this case may be set out as follows: On November 15, 1966, plaintiff applied to defendant for the issuance of the permit in question, which application defendant refused forthwith. On

November 22, 1966, plaintiff sent a petition to the zoning board of adjustment appealing defendant's refusal to issue the permit, whereupon a hearing upon the appeal was fixed for January 16, 1967. On this latter date, plaintiff appeared before one member of the board of adjustment (no question is here raised as to the legality of such a hearing) and there presented its evidence. The hearing member of that board, being a member of the bar of this court, prepared and executed a written decision and opinion refusing the permit on or about February 27, 1967, and on the evening of that day, or the morning of the following one, delivered that document, together with the notes of testimony taken at the hearing, to a second member of the board at that member's home. The document remained with the second member of the board until March 2, 1967, the forty-fifth day following the hearing of January 16, 1967, when that member signed it and delivered the same with the notes of testimony to the home of the third member of the board. There is no evidence as to when that member concurred in the decision. The only evidence on that point is that sometime after March 8, 1967, the third member returned the signed decision to the first, in whose custody it remained until that member became aware of the prosecution of the present action, after which he delivered the written decision and copies thereof to the township solicitor for distribution to the parties.

Plaintiff is entitled to its judgment. Provisions of the Borough Code of 1927, the Act of May 4, 1927, P. L. 519 art. XXXIII, sec. 3307 as amended, 53 PS §48207, which are identical to those of the Second Class Township Code above, were considered by the Supreme Court in the case of Humble Oil and Refining Company v. East Lansdowne Borough, 424 Pa. 309 (1967). In that case, the borough contended

that because the board of adjustment had held a meeting on May 31st, at which it instructed its secretary to notify the borough solicitor to prepare an opinion and order denying the application, a "decision" had been made at that time, and that since such a decision had been made, the opinion supporting that decision did not have to be filed within the 45 days allowed by the statute. Regarding that contention, the Supreme Court said, at page 312 of its opinion:

"There is little logic in the position urged by the defendant borough. The Act permits any person aggrieved by the board's decision to appeal within 30 days after the decision. In appealing to the court of common pleas, the aggrieved person must set forth 'that such decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and specifying the grounds upon which he relies.' How could anyone appeal from what was done on May 31st when that action did not embrace an opinion specifying the grounds on which the application had been refused or granted? It is thus apparent that the 'decision' referred to in the Act must carry with it an opinion, memorandum or explanation of some kind, in order to allow the aggrieved party to specify 'the grounds upon which he relies' ".

It is contended here that the signing of the opinion by the second member of the board constituted the reaching of a decision by that board. The answer to that contention is obvious. If that was the act which brought about the board's decision, then why was the written evidence of that decision transmitted to the third member of the board for his consideration and concurrence? It is plain to us that his thoughts and advice were considered to be an essential component in the decision-making process. It is conceivable that he might not have agreed with the conclusions of the other two members of the board and that if he was so

minded, he could have persuaded the other two that their original positions were not sound, thereby inducing them to agree with him that the opposite was the correct result. In such a case, that result, as finally announced, would have been the decision of the board. Since the board saw no reason for considering the concurrence of the first two members who voted upon the subject to be the decision of the board, we see no reason why we should do so for them.

It is also contended that what the board did here falls within the protection of that which the Supreme Court approved in the case of Beverly Building Corporation v. Lower Merion Township, 409 Pa. 417 (1963), a per curiam opinion affirming the judgment of the Court of Common Pleas of Montgomery County, reported in 28 D. & C. 2d 761 (1961). Reference to Judge Honeyman's opinion in the court below indicates that, in that case, "the board, through its secretary, issued a written opinion refusing the requested special exceptions" two days before the 45-day limitation had expired. "Two weeks later, in its next regular public meeting, the board unanimously adopted a motion that the order (theretofore announced) be approved, confirmed and recorded in the minutes of the public meeting": page 764.

There is no parallel between the two cases. In the instant case no decision was reached or published within the period allowed by the statute. In the Montgomery County case, a decision was reached and was issued; all that transpired after the statutory period had run was the public confirmation of action already legally taken.

Additionally, it should be noted that the notice required by the statute to be given "forthwith" was not given to plaintiff in this case until after this action had been instituted. While we would not rest our entry of judgment here upon that failure to observe

the statutory mandate, we think it is abundantly clear that no "authoritative decision" as mentioned in Humble Oil, supra, at page 313, was rendered here within the time allowed by law. For that reason, "it shall be deemed" that the board decided in favor of applicant-plaintiff. An order to that effect will be entered.

### ORDER

And now, May 5, 1967, the rule heretofore allowed in said cause, dated March 21, 1967, directed to defendant and requiring him to show cause why judgment in said matter should not be entered for plaintiff immediately, is hereby made absolute; judgment in mandamus is hereby entered in favor of plaintiff and against defendant; said defendant is hereby directed to issue a use permit in accordance with the application of plaintiff made in said cause upon payment of proper fees and upon proof being presented to him that a permit as required by section 72.05 (e) of said ordinance has been issued by the township engineer.